WIGGINTON, Judge.
Defendant County School Board and its Superintendent of Public Instruction have appealed a final judgment enjoining them from advertising their vocational programs and courses now offered or to be offered in the future at the Tom P. Haney Vocational School in Panama City in such way as to compete with private enterprise offering the same instruction or programs in Bay County. The intent of the order as recited therein is to enjoin the School Board from actively recruiting students for programs and course offerings which compete with similar programs offered through private businesses in the county. The injunction does not apply to the actions of defendants when restricted to merely informing the public through the news media and otherwise of the offering of such programs at its vocational school.
From the record it appears that in 1958 the Bay County School Board commenced offering courses in cosmetology at the Tom P. Haney Vocational School in Panama City, which offering has continued through the years down to and including the time this action was commenced. Nine years later, in 1967, plaintiff Louis Jeter established and commenced the operation of a private school known as Gulf Coast Academy of Hair Design in which he offers to prospective students courses in cosmetology of the same kind now and heretofore offered by the Haney Vocational School. Jeter has operated his private school continuously since its opening in 1967.
In June, 1969, defendant School Board commenced an advertising program for Haney Vocational School which included notice of its offering of courses in cosmetology as well as other vocational courses designed to be attractive to unemployed and underemployed people residing in that area. Some of the newspaper advertisements concerning the courses in cosmetology told of the attractive features of the school, the air conditioned comfort of its classrooms, and that its graduates placed high on the *71 state board examinations. Some of the advertisements carried the cost of tuition charged to students enrolling for the courses. It might be fairly said that the composition and general tone of some of the advertisements were designed for the purpose of recruiting students and persuading them to enroll in the courses so offered.
By his complaint filed in this cause Jeter complains that the vocational school operated by the Bay County School Board is in open competition with the private school owned and operated by him in that area. He further alleges that the advertising program conducted by defendants constitutes an aggressive solicitation of students in direct competition with his privately owned business in a manner contrary to the laws of Florida and has resulted in an injury and damage to the standing, reputation, goodwill and prestige of his business. He alleges that such unlawful conduct by defendants has resulted in an erosion of attendance at his school which threatens the complete destruction of his business and, if not restrained, will require the closing of his school much to his injury and damage. Because of the foregoing, plaintiff prays for an injunction permanently restraining defendants from any further solicitation or advertisement of any conduct or operation on their part which places them in competition with private business in general and with his business in particular. It is from the judgment rendered on the issues raised by the pleadings filed in the cause that this appeal is taken.
The public policy of Florida, as gleaned from the legislation enacted in recent years hy the legislature and the implementing regulations adopted by the State Board of Education, emphasizes the importance placed upon the organization and development of vocational education schools throughout the state in order that the unemployment rate may be reduced and our economy move closer to the ideal of full employment. Vocational education is defined as meaning that instruction not leading to a baccalaureate degree but which is given to persons for the purpose of developing occupational proficiency necessary for gainful employment.[1] County school boards such as appellant herein are specifically charged with the responsibility of establishng and maintaining vocational schools, departments, or classes, giving instruction in vocational education, and to use money raised by public taxation in the same manner as money for other school purposes is used for the maintenance and support of public schools or classes.[2] In their discharge of the foregoing responsibility, county school boards are empowered to adopt procedures whereby the general public can be adequately informed of the educational programs, needs, and objectives of public education within the district.[3]
By direction of the legislature, the State Board of Education is required to adopt and implement regulations setting forth minimum requirements for a comprehensive vocational education program in each of the counties of the state.[4] Such regulations as are adopted by the State Department of Education are binding on the county school boards and have the force and effect of law.[5] Pursuant to the authority granted it by the foregoing provisions of law, the State Department of Education adopted a regulation making county school boards and junior college boards of trustees responsible for making comprehensive vocational programs available to all residents in their areas and authorizing them to use any appropriate means to that end, including expenditures for advertising the availability of programs and courses.[6] By appropriate regulation the State Department of Education defined vocational education instructional service to include, *72 among other things, the recruitment, counseling and selection of students for training.[7]
From the foregoing it affirmatively appears that appellant County School Board, in the discharge of its responsibilities to provide for the establishment and maintenance of its Tom P. Haney Vocational School, is authorized to adopt such procedures as are necessary to adequately inform the public of the vocational programs which it offers, including its courses of training in the art of cosmetology. Under the regulations adopted by the State Board of Education the instructional service which appellant School Board is charged with the duty of providing includes the recruitment of students for the training courses offered by the school. The Board is authorized to use any funds available to it for the purpose of advertising the availability of its programs and courses to the public by means of the local news media. From the record it appears without dispute that the funds used by appellant School Board in advertising its programs of training to prospective students is derived from profits realized from the operating of vending machines on the campus of the school and not from tax funds in their classical sense. Such funds are categorized by law as internal funds to be used by the school board and are to be expended for purposes consistent with regulations adopted by the State Board of Education.[8] The State Board, consistent with its statutory authority, adopted a regulation which provides that internal funds collected and expended within a school by pupils and school personnel may be used for purposes consistent with the school program as established and approved by the school board.[9] It must be held, therefore, that the funds used by appellant in advertising its courses in cosmetology offered to the general public of its area are lawfully obtained and expended in accordance with the provisions of law. Its right to utilize the funds for this purpose cannot be seriously questioned.
The thrust of appellee’s position, and the ground on which the judgment appealed herein appears to be predicated, is that any form of advertising by the School Board of the courses offered to the public by its vocational school which does any more than inform the public that the courses are available for the use of those who might be interested constitutes an unlawful encroachment upon the rights of private business offering the same service, is destructive of the free enterprise system so well established in our country and, therefore, should be enjoined. It is appellee’s position that if the form of advertising utilized by appellant School Board goes so far as to emphasize the desirable benefits which may be gained from attending its vocational school, it constitutes the recruitment of students and an enticement away from the private school operated by him and should be branded as an unlawful activity not permitted under our system of laws. Regretfully we are unable to agree with appel-lee’s view of what the law is or should be as it relates to the issues under consideration.
The promotional activities of the School Board in its attempt to attract students to enroll in the courses offered at its vocational school is in pursuance of the policy of this state to better equip our unemployed or underemployed citizens to engage in productive work of a character sufficient to provide them with the means of a livelihood and a better standard of living. If in this process the education offered by the publicly-supported vocational schools competes with private schools offering a similar course of training, the situation thus created is one with which the competing forces will have to learn to live. The format of the advertising placed by *73 appellants in the local news media appears to be designed to make the courses of study offered by them as attractive as possible to the greatest number of prospective enrollees. It has come to be the rule rather than the exception that government, like business, frequently resorts to the aid of public relations techniques as a means of persuading our citizens to do those things which are conceived to be in their best interests. It must be concluded that the effort of appellants to present their vocational training programs to the public in the most attractive light possible is in fulfillment of their responsibility of. making their vocational training programs available to the greatest number of people and not for the purpose of unfairly reflecting upon or damaging the business of appellee. It should be remembered that when appel-lee entered the vocational education field, the training courses offered by him had for many years previous thereto been offered by appellants to the general public of that area. In so doing, he assumed the responsibility of contending with whatever fair competition appellants’ programs might afford. The history of our government from time immemorial has been that when the private sector of our society or economy is unable or unwilling to fill a need which must be met for the general welfare of our citizens, the government steps in to fill the void and supply the deficiencies to the extent deemed necessary for the public good.
It is our view that the judgment appealed herein which attempts to restrain appellants from engaging in an activity clearly authorized by law to the extent and under the circumstances shown by this record has no legal support and must be rejected. If the future advertising program of appellants is carried on in such manner as to amount to unfair competition as defined and recognized by law, then appellee will be afforded full recourse for any injury he may suffer thereby. The judgment appealed is accordingly reversed and the cause remanded for rendition of such judgment as may be appropriate in accordance with the views set forth herein.
CARROLL, DONALD K., A. C. J., and RAWLS, J., concur.

. F.S. § 228.041(23), F.S.A.

. F.S. § 230.23(4) (li), F.S.A.

. F.S. § 230.23(16), F.S.A.

. F.S. § 233.0682, F.S.A.

. F.S. § 229.041, F.S.A.

. I Fla.Adm.Code, § 6A-6.66(9), p. 136A.

. I Fla.Adm.Code, § 6A-6.55(5), p. 134.

. F.S. § 237.02(4), F.S.A.

.I Fla.Adm.Code, § 6A-1.85(1), p. 21.